ROBERT H. MUDD, Executor, etc., Respondent, v. G. H. WALSER, Appellant.

### Kansas City Court of Appeals, June 9, 1902.

Action: REVIVAL OF: NUNC PRO TUNC ENTRY: JUDGMENT: EXECUTION. An order of revival read: "Administrator—enters appearance and cause revived."    After being continued at a succeeding term at defendant's cost, judgment went by *nil dicit*.    At the same term the entry of revival was corrected by a *nunc pro tunc* order. There was no appeal by the defendant.    *Held*, an execution was properly issued on the judgment.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*G. H. Walser pro se.*

(1)    The statute requires that the name and capacity of the dead party shall be stated in the order of revival.    R. S. secs. 756, 757.    (2)    A suit can not be continued or revived in the name of the representative of the dead party, only by the mode pointed out by the statute; i. e., the name and capacity of the representative mentioned in the order of revival and upon the voluntary appearance of the parties, and the consent of the adverse party, or after the adverse party has been brought into court by *scire facias*.    Ferris, Admr., v. Hunt, 18 Mo. 480; Fine et al. v. Gray, 19 Mo. 33; Harkness v. Dysart, 36 Mo. 47; Coats v. Swindle, 55 Mo. 31. (3)    The entry by the court, at the May term thereof,

"Continued at the cost of the defendant," does not conclude the defendant as an appearance in the case. There was no representative plaintiff of record. Prior v. Kiso, 96 Mo. 315. (4) The trial judge had no power to make a *nunc pro tunc* order substituting the name of Robert H. Mudd, executor, as the representative of H. H. Mudd, in lieu of the entry actually made by him at the January term of the court in which the docket entry shows the court's entry to be, "Admr. enters appearance and cause revived." Hyde v. Curling, 10 Mo. 363; Gibson v. Chouteau's Heirs, 45 Mo. 171; Belkin v. Rhodes, 76 Mo. 643; State ex rel. v. White, 75 Mo. App. 261; Priest, Admr., v. McMaster, Admr., 52 Mo. 60; Saxton v. Smith, 50 Mo. 490; McGonigle v. Bresnen, 44 Mo. App. 423; Gamble v. Daugherty, 71 Mo. 599. (5) A court can not acquire jurisdiction by the mere assertion of it. Ex parte O'Brien, 127 Mo. 477; Laney v. Garbee, 105 Mo. 355; The State ex rel. v. City of St. Louis, 1 Mo. App. 503.

*VanPool & Martin* for respondent.

(1) This action, being a suit upon a promissory note, did not abate upon the death of the plaintiff, H. H. Mudd, but survived. Sec. 756, R. S. 1899. (2) The death of plaintiff, H. H. Mudd, was suggested and a record thereof made. This is conceded. After the suggestion of the death of a party to an action, the action may be revived by consent of the parties and no formality is required, which was done in this case. Sec. 758, R. S. 1899. (3) The statute does not contemplate a revival as to the living party. This may be done in three ways: (a) By consent of parties. (b) By motion of the adverse party. (c) By motion of the representative or successor of the deceased party. The statute. has been complied with. Secs. 756, 757, 758, 760, R. S. 1899. (4) That the court had the right to correct the record *nunc pro tunc* to conform to the facts in the case,

we think there can be no doubt, for the rule in this State is: ''That during the progress of a cause and before final judgment, or after final judgment during the same term *nunc pro tunc* entries may be made in furtherance of justice to conform the entries to the truth.'' Saxton v. Smith, 50 Mo. 490; McGonigle v. Bresnen, 44 Mo. App. 423; Page v. Chapin, 80 Mo. App. 159; Aull v. Day, 133 Mo. 337; Evans v. Fisher, 26 Mo. App. 541; Bruner v. Marcum, 50 Mo. 405; Bank v. Allen, 68 Mo. 474; DeKalb Co. v. Hixon, 44 Mo. 341; Jones v. Ins. Co., 55 Mo. 342. (5) A continuance by agreement of the parties is tantamount to a general appearance and waives the question of jurisdiction. Baisley v. Baisley, 113 Mo. 545; Bohn v. Devlin, 28 Mo. 319; Peters v. Railroad, 59 Mo. 406; Orear v. Clough, 52 Mo. 55; Fedler v. Schroder, 59 Mo. 364; Levin v. Railroad, 140 Mo. 624; Day v. Kerr, 7 Mo. 426; Farrell's Admr. v. Brennan's Admr., 25 Mo. 88; Ferris, Admr., v. Hunt, 20 Mo. 464; Priest, Admr., v. McMasters, Admr., 52 Mo. 60; Shockley v. Fischer, 21 Mo. App. 551.

ELLISON, J.—This is a proceeding on motion by defendant to quash an execution. The trial court overruled the motion.

H. H. Mudd sued the defendant on a promissory note. Defendant was duly served in due time before the September, 1899, term of the Barton Circuit Court. Defendant appeared at that term and filed his answer and the cause was continued to the January term, 1900. Between these terms the plaintiff, H. H. Mudd, died, and on the first day of said January term his death was suggested and was noted on the record. Afterwards, at the same term, an order was entered reviving the case in these words: ''Administrator ———— enters appearance and cause revived.'' The name of this plaintiff, Robert H. Mudd, representative of deceased, not being at hand at the moment, was by neg-

lect not entered in the record. The case was then afterwards continued to the next term under the general order. At the succeeding term (May, 1900) defendant appeared and the case was continued at his cost. At the succeeding term (September, 1900) the case was called for trial and judgment rendered for plaintiff, *nil dicit,* defendant refusing to take part in the trial. After the judgment and at the same term, this plaintiff filed motion to correct the record *nunc pro tunc,* by having the order of revival made in formal language and to show the name of this plaintiff as the party in whose name, as representative of the deceased, the cause was revived and whose name was neglected to be inserted, as above stated. Due notice of this motion was given defendant, but he did not appear at its hearing. The court sustained the motion. No appeal was taken by defendant either from the judgment rendered, or the *nunc pro tunc* order. Afterwards plaintiff had execution issued on the judgment, and defendant seeks by this proceeding to quash the writ, but, as before stated, was not sustained by the trial court.

On the foregoing facts the trial court's action on the motion was undoubtedly right and its judgment is accordingly affirmed. We have examined the authorities cited by defendant and do not consider them applicable to the facts of this case. The judgment was manifestly for the right party. All concur.